**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GPI, LLC,<br><br>                 Plaintiff,<br><br>     v.<br><br>RAPSYS INCORPORATED d/b/a GEESE POLICE OF NAPERVILLE; and VIDMANTAS RAPSYS,<br><br>             Defendants. | Civil Action No. 3:22-cv-04585-MAS-TJB |

## <u>SUPPLEMENT IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE</u>

Plaintiff GPI, LLC ("Franchisor") files this Supplement in Support of its Application for Order to Show Cause Why Preliminary Injunction Should Not Issue to Defendants Rapsys Incorporated d/b/a Geese Police® of Naperville ("Defendant Rapsys") and Vidmantas Rapsys ("Defendant Vidmantas" and together with Defendant Rapsys, the "Defendants") to further detail Defendants' non-compliance with their post-termination obligations under the Franchise Agreement, including their flagrant violations of the noncompete covenant—which they are openly flouting even after Franchisor filed its Complaint and sought an injunction.[1]

---

[1] Capitalized terms used in this Brief without definition have the same meanings given to them in the Verified Complaint.

Defendants' course-of-conduct makes clear that they continue to violate their post-termination obligations under the Franchise Agreement without consequence and will continue to do so absent Court intervention.

As background, Franchisor filed suit against Defendants on July 14, 2022, asserting claims for Trademark and Service Mark Infringement (Count One); Unfair Competition (Count Two); Breach of Franchise Agreement – Violation of the Covenant Not to Compete (Count Three); and Breach of Franchise Agreement – Violation of Remaining Post-Termination Obligations (Count Four).  Franchisor also moved for a preliminary injunction the same day to enforce Defendants' post-termination obligations under the Franchise Agreement.

Since then, Franchisor has learned that Defendants have opened a directly competitive business—K9 Goose Control—in the same location in Naperville, Illinois, in an ongoing and direct violation of the Covenant Not to Compete.[2]

---

[2] Upon its termination, the Franchise Agreement bars Defendants, for a period of two years, either directly or indirectly owning, maintaining, operating, engaging in, being employed by, providing assistance to, or having any interest in (as an owner or otherwise) any business that:

> (i) offers products or services which are the same as or similar to the products and services offered by the Franchised Business under the System; and (ii) is, or is intended to be, located at or within: [1] the county or municipality in which the Approved Location is located; or [2] the Protected Territory; or [3] one hundred fifty (150) miles of the Approved Location; or [4] one hundred fifty (150) miles of any business operating under the Proprietary Marks; provided, however, that this provision shall not apply to the operation by Franchisee of any

Although the registrant anonymously registered the website domain for K9 Goose

Control,[3] Defendants have made no effort to hide their identity as the business

operator, with Defendant Vid Rapsys listed as the contact on the homepage for the

site:



K9 Goose Control

PO Box 875, Naperville, IL 60566

630-548-9781
vid.rapsys@K9goosecontrol.com

**FOR INFO OR A QUOTE CLICK HERE**

*See also* Ex. 1 (PDF screenshot of homepage for k9goosecontrol.com).  Defendants

also updated the corporate registration for Rapsys Incorporated with the Office of

the Illinois Secretary of State to add K9 Goose Control as an active assumed name

(along with Geese Police, which is also still registered as an active assumed named).

*See* Ex. 2.  Defendants likewise updated their Geese Police of Naperville Facebook

page to reflect a name change to K9 Goose Control:

---

business under the System which may be franchised by Franchisor to
Franchisee.

Compl., ¶ 50

[3] The registry data for the web domain https://k9goosecontrol.com/ reflects private
registration on July 13, 2022.  *See* Ex. 3.

3



Ex. 4.  There can be no doubt that Defendants are behind these efforts to continue their business operations in violation of the Covenant Not to Compete.

Making matters worse, Defendants are operating their "new" business by trading on the reputation and goodwill of the Franchisor, including through their unauthorized use of the Geese Police Marks.  Defendants' "profile picture" on the K9 Goose Control Facebook page, for instance, includes the GEESE POLICE® trademark and service mark registered by Geese Police, Inc.:

4



Ex. 5; *see also* Compl. Ex. A-C (USPTO Registrations).  Moreover, Defendants are operating with the same phone number and address previously used by Geese Police of Naperville, compounding the consumer confusion resulting from Defendants' unauthorized operations since the termination of the Franchise Agreement:



5

Ex. 6.  Elsewhere on this Facebook page, Defendants also include the trademark and service mark CALL US TO . . . GET THE FLOCK OUT!®, registered by Geese Police, Inc. under U.S. Registration No. 2,680,858 on or about January 28, 2003, including in the below example:



*See* Exs. 7 & 8; *see also* Compl. Ex. B.  Again, this violates the Franchise Agreement, which requires the immediate discontinuation of and disassociation from the Geese Police Marks and the Geese Police System upon termination of the Franchise Agreement.

These recently-discovered facts unquestionably support injunctive relief. First, Franchisor is likely to succeed on the merits of its Lanham Act and New Jersey breach of contract claims through its former franchisee's (a) continued use of its exact marks after termination of the Franchise Agreement; and (b) continued operation of the Franchised Business in the same Protected Territory (the Illinois –

North of Bloomington area) using the Franchisor's Geese Police Marks, the Geese Police System, and the Geese Police Trade Secrets.  Second, Franchisor will suffer irreparable harm without injunction relief, and in fact, that has already occurred through Defendants actively competing against Franchisor in the Protected Territory without impunity and doing so by trading on the reputation and goodwill of the Franchisor, including through its unauthorized use of the Geese Police Marks. Third, significant injury to Franchisor through injury to its goodwill and lost customers in the Protected Territory significantly outweighs any harm to Defendants, who must only cease its operations within the Protected Territory and abstain from further use of the Geese Police Marks, Geese Police System, or the Geese Police Trade Secrets, as Defendants agreed upon in the Franchise Agreement. Fourth, injunctive relief is in the public interest to prevent deception or confusion in the marketplace through this "new" business, as well as in enforcing legitimate and reasonable contractual clauses in the Franchise Agreement.

Now, more than ever, injunctive relief should be issued to remedy Defendants' non-compliance with their post-termination obligations under the Franchise Agreement and protect the Franchisor's rights as this case moves forward. Other franchisees are monitoring the actions of Defendants and Franchisor here, and if Defendants are permitted to breach their covenant not to compete, this will establish a dangerous precedent and potentially encourage other franchisees to

7

"break away" and leave the Geese Police System and continue to operate their existing businesses under a different name at or near the location of their former Franchised Business.  This will, of course, cause an irreparable loss of customer goodwill associated with the Geese Police Marks and the Geese Police System and the businesses operated thereunder – which Franchisor's motion for injunctive relief seeks to prevent.  Franchisor's motion for a preliminary injunction should be granted.

Respectfully submitted,

*s/* Melissa J. Bayly
Melissa J. Bayly
Buchanan Ingersoll & Rooney PC
550 Broad Street
Suite 810
Newark, NJ 07102-4582
973 424 5604 (o)
melissa.bayly@bipc.com

Gretchen L. Jankowski
(*pro hac vice motion pending)*
Matthew C. Pilsner
(*pro hac vice motion pending*)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite, 200
Pittsburgh, PA 15219

*Attorneys for Plaintiff GPI, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2022, a true and correct copy of the foregoing

was served via overnight and certified mail, on the following:

Rapsys Incorporated
c/o Vidmantas Rapsys
5S439 Columbia Ave
Naperville, IL 60563

*s/* Melissa J. Bayly
Melissa J. Bayly
Buchanan Ingersoll & Rooney PC
550 Broad Street
Suite 810
Newark, NJ 07102-4582
973 424 5604 (o)
melissa.bayly@bipc.com