Evan M. Goldman, Esquire
GREENSPOON MARDER LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 900
Newark, New Jersey 07102
T: (732) 456-8728
Email: evan.goldman@gmlaw.com

Samuel Wolf, Esquire (*pro hac vice* forthcoming)
GREENSPOON MARDER LLP
1875 Century Park East, Suite 1900
Los Angeles, California 90067
T: (323) 880-0474
Email: sam.wolf@gmlaw.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GPI, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>RAPSYS INCORPORATED d/b/a GEESE POLICE OF NAPERVILLE; and VIDMANTAS RAPSYS,<br><br>  Defendants. | Civil Action No.: 22-cv-04585-MAS-TJB<br><br>**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendants, Rapsys Incorporated i/p/a Rapsys Incorporated d/b/a Geese Police of Naperville ("RI") and Vidmantas Rapsys (with RI, the "Defendants"), by way of Amended Answer to Plaintiff, GPI, LLC's Verified Complaint (the "Complaint"), say:

**NATURE OF THE ACTION**

1.  Defendants deny the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

2.  The allegations contained in Paragraph 2 state conclusions of law to which no

response is required. To the extent a response is required, the allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 5 are denied.

**PARTIES**

6. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 of the Complaint, and leave Plaintiff to its proofs.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint to the extent they refer to RI as "d/b/a Geese Police of Naperville." Otherwise, Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

**FACTS**

9. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9 of the Complaint, and leave Plaintiff to its proofs.

10. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 of the Complaint, and leave Plaintiff to its proofs.

11. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 of the Complaint, and leave Plaintiff to its proofs.

12. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 of the Complaint, and leave Plaintiff to its proofs.

13. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 of the Complaint, and leave Plaintiff to its proofs.

14. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 of the Complaint, and leave Plaintiff to its proofs.

15. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 of the Complaint, and leave Plaintiff to its proofs.

16. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 of the Complaint, and leave Plaintiff to its proofs.

17. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 of the Complaint, and leave Plaintiff to its proofs.

18. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 of the Complaint, and leave Plaintiff to its proofs.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21 of the Complaint, and leave Plaintiff to its proofs.

22. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and leave Plaintiff to its proofs.

23. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23 of the Complaint, and leave Plaintiff to its proofs.

Case 3:22-cv-04585-MAS-TJB   Document 20   Filed 08/29/22   Page 4 of 20 PageID: 213

24. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24 of the Complaint, and leave Plaintiff to its proofs.

25. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 25 of the Complaint, and leave Plaintiff to its proofs.

26. Paragraph 26 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 26 are denied.

27. Paragraph 27 refers to a Renewal Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 27 are denied.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 refers to a Guarantee, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 29 are denied.

30. Paragraph 30 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 30 are denied.

31. Paragraph 31 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 31 are denied.

32. Paragraph 32 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 32 are denied.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 refers to a Notice of Default, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 37 are denied.

38. Paragraph 38 refers to a Notice of Default, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 38 are denied.

39. Paragraph 39 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 39 are denied.

40. The allegations contained in Paragraph 40 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 40 are denied.

41. Paragraph 41 refers to a Termination Notice, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 41 are denied.

42. Paragraph 42 refers to a Termination Notice, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 42 are denied.

43. Paragraph 43 refers to a Termination Notice, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 43 are denied.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 refers to a Termination Notice, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 45 are denied.

46. Paragraph 46 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 46 are denied.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 refers to a Franchise Agreement, which is a document that speaks for itself. To the extent a response is required, the allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 51 are denied.

52. The allegations contained in Paragraph 52 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 53 are denied.

54. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 54 of the Complaint, and leave Plaintiff to its proofs.

55. Defendants have insufficient knowledge or information to form a belief as to the allegations contained in Paragraph 55 of the Complaint, and leave Plaintiff to its proofs.

**COUNT I**
**TRADEMARK AND SERVICE MARK INFRINGEMENT**
**UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

56. Defendants repeat and reallege the foregoing allegations as if fully set forth herein.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. The allegations contained in Paragraph 59 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 59 are denied.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. The allegations contained in Paragraph 62 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 63 are denied.

**COUNT II**
**UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

64. Defendants repeat and reallege the foregoing allegations as if fully set forth herein.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. The allegations contained in Paragraph 68 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 68 are denied.

69. The allegations contained in Paragraph 69 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in

Paragraph 69 are denied.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. The allegations contained in Paragraph 71 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 71 are denied.

72. The allegations contained in Paragraph 72 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 72 are denied.

73. The allegations contained in Paragraph 73 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 73 are denied.

## COUNT III
### BREACH OF FRACHISE AGREEMENT – VIOLATION OF THE COVENANT NOT TO COMPETE

74. Defendants repeat and reallege the foregoing allegations as if fully set forth herein.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. The allegations contained in Paragraph 77 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 77 are denied.

## COUNT IV
### BREACH OF FRANCHISE AGREEMENT – VIOLATION OF REMAINING POST-TERMINATION OBLIGATIONS

78. Defendants repeat and reallege the foregoing allegations as if fully set forth herein.

79. The allegations contained in Paragraph 79 state conclusions of law to which no response is required. To the extent a response is required, the allegations contained in Paragraph 79 are denied.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

WHEREFORE, Defendants request that this Court dismiss with prejudice Plaintiff's Complaint in its entirety, that Plaintiff take nothing from Defendants by virtue of such Complaint, and that Defendants be awarded their costs and attorney's fees in defense of such action.

## AFFIRMATIVE AND SEPARATE DEFENSES

Defendants reserve the right to amend their Answer and Affirmative and Separate Defenses to Plaintiff's Complaint to add such affirmative defenses as may be appropriate during the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and its purported causes of action alleged therein fail to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendants are informed and believe, and based upon such information and belief, allege that Plaintiff is barred, in whole or in part, from recovery of any damages, based upon the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel by Conduct)

Plaintiff, by its own conduct, acts, or omissions, is estopped from recovering damages or other relief on the first, second, third and fourth claims. The 2009 Franchise Agreement, as amended by the 2014 extension agreement, expired in 2019. The relationship continued beyond the expiration date without a renewal or agreement on continued terms. The parties' conduct following expiration of the 2009 Franchise Agreement did not renew or extend the terms of the 2009 Franchise Agreement. This is evident by the fact that the Franchisor acquiesced to the use of its Marks for approximately three years after the 2009 Franchise Agreement expired. Also, Plaintiff did not seek to enforce any post-termination obligations under the 2009 Franchise Agreement until 2022. After the 2009 Franchise Agreement expired, the parties' relationship continued under an implied-in-fact contract on new terms. Defendants relied on this in the actions they took. The terms of the 2009 Franchise Agreement were no longer binding on the parties after the agreement expired in 2019.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendants are informed and believe, and based upon such information and belief, allege that Plaintiff has engaged in conduct and activity sufficient to constitute waiver of any right to assert the claims upon which it now seeks relief.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Defendants are informed and believe, and based upon such information and belief, allege that Plaintiff's Complaint and its causes of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**
**(Acquiescence/Consent)**

Plaintiff's Complaint and its purported causes of action alleged therein are barred, in whole or in part, because Plaintiff acquiesced or consented to the conduct about which is now complained.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Misrepresentation)**

Plaintiff's Complaint is barred, in whole or in part, because in doing the things alleged in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Performance of Duties)**

Defendants have fully performed their contractual, statutory, and other duties, if any, to Plaintiff and Plaintiff is therefore estopped from asserting any claim or claims against Defendants.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Specificity)**

Plaintiff's Complaint fails to attach essential documents, or a copy of the portions material to the pleadings, that it references in support of allegations.

**TENTH AFFIRMATIVE DEFENSE**
**(Setoff, Offset, Recoupment)**

Some or all the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Fault of Plaintiff/Third-Parties)**

Any injury or damage allegedly suffered by Plaintiff was caused or contributed to by the negligence, fault, bad faith, breach of contract, or other wrongful or tortious conduct of Plaintiff

and/or persons or entities other than Defendants, and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Claimed Damages)**

If Plaintiff suffered any damages by reason of any acts, omissions, or courses of conduct on the part of Defendants, all or part of the damages were caused by or attributable to the failure of Plaintiff to act reasonably or prudently to mitigate its damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Perform)**

As a result of Plaintiff's own failure to perform under the terms of the alleged contract(s), Plaintiff is barred from any relief under said contract(s).

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Reasonableness and Good Faith)**

Defendants acted reasonably at all times material herein, based on all relevant facts and circumstances known to them at the time they so acted.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Uncertainty)**

The Complaint and each and every purported causes of action alleged therein, is uncertain, ambiguous and/or unintelligible.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Causation)**

While Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants are informed and believe, and based upon such information and belief, allege, that such damage resulted from the conduct of Plaintiff and was not caused by Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

There is no likelihood of confusion, mistake, or deception, because Defendants have debranded and no longer use Plaintiff's marks. The name of Defendant's business is not confusingly-similar. There is no evidence or indication of any actual confusion despite the length of time that both marks have co-existed.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Expiration of 2009 Franchise Agreement)

The 2009 Franchise Agreement expired in 2019 and the relationship continued under an implied-in-fact contract under new terms. Therefore, the contract claims based on the 2009 Franchise Agreement fail to state a claim upon which relief can be granted.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Irreparable Injury)

Defendants have not sustained and are not sustaining irreparable harm. Defendants debranded and stopped using the Plaintiff's marks. Therefore, there is no irreparable harm.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Unenforceable Noncompete Clause)

In the alternative and not as a binding commitment to a specific allegation of fact, the noncompete clause is unreasonably overbroad in duration and geographic scope and it does not protect any legitimate business interests of Plaintiff. It is unenforceable under applicable law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

To the extent Plaintiff seeks equitable relief against Defendants, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Statute of Frauds)

The 2009 Franchise Agreement expired on its natural expiration date of

February 8, 2019. The period of the two-year post-expiration covenant expired on February 8, 2021, which is more than 1 year before the filing of the instant action. To the extent there was an extension in February 2019, it was an unwritten renewal. Assuming all its terms intact including the two-year restrictive covenant, then that renewal violates the statute of frauds because it would not be capable of being fully performed within one year, and (unlike the February 13, 2014 extension agreement), it was not in writing.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Unlawful Termination for Failure to Give Adequate Notice)

The Illinois Franchise Disclosure Act requires franchisors such as GPI to provide notice prior to terminating. However, the letter GPI sent to Defendants failed to state any amount of alleged past due royalty payments. The letter did not provide adequate notice. GPI did not comply with the Illinois Franchise Disclosure Act's explicit requirement to give adequate notice. The purported termination was unlawful.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE
### (Blue Pencil Doctrine Does Not Apply to an Unwritten Agreement)
### (In the Alternative)

Pleading in the alternative, and not as an election of remedies, and not as a binding commitment to a specific allegation of fact, even if there was an extension in February 2019, it was an unwritten renewal. There must at least be a written instrument for the blue pencil doctrine to apply.

### FIRST COUNTERCLAIM
### DECLARATORY RELIEF

1. Vidmantas Rapsys is an Illinois resident. He formed Rapsys Incorporated to be the franchisee in Naperville, Illinois.

2. In 1999, Defendants and Plaintiff, GPI LLC, entered into a five-year franchise agreement. In 1999, prior to selling a franchise to Defendants, GPI did not register the franchise with the Illinois Attorney General's Office. Simply put, Plaintiff failed to comply with the Illinois Franchise Disclosure Act in any way whatsoever. Further, the franchise disclosure

document provided to Defendants did not include an Illinois addendum to advise Defendants that Illinois law could not be contracted away

3. Defendants extended the 1999 agreement with GPI in 2004, extending the term for five additional years.

4. In 2009, GPI presented Defendants with a new franchise agreement. The 2009 agreement was GPI's preprinted form. The Agreement was presented on a take-it-or-leave it basis. The choice of law clause could not be negotiated. GPI had far stronger bargaining power because, unless the Defendants acceded to its terms, Defendants would lose their investment in the franchise. Having no real choice as to terms, the Defendants signed the agreement in 2009

5. Defendants executed an amendment in 2014, extending term of the 2009 agreement through February 8, 2019.

6. The term of the 2009 Franchise Agreement, which was extended give years on February 8, 2014, expired on its natural expiration date of February 8, 2019. GPI and Defendants did not execute a new agreement but, instead, allowed the 2009 Franchise Agreement to expire in February 2019. Their parties' business relationship continued, but Plaintiff and Defendant did not renew the terms of the franchise relationship. At the time, David Mercks, who ran GPI's business in 2019, knew that Defendants stopped remitting royalties and had not debranded. Nearly three years passed. Plaintiff took absolutely no action. During that time, any use of this logo "Geese Police" by Defendants was made openly in the public.

7. Subsequently, Defendants debranded, and there was no instance of confusion called to the Defendants attention by the public.

8. Section 16.3 of the expired 2009 Franchise Agreement states the triggering event of the noncompetition provision is transfer, termination or expiration, whichever comes first.

9. In the instant matter, the 2009 Franchise Agreement, as extended, expired – at the very latest – in February 2019. Thus, the non-competition agreement expired – at the very latest – in February 2021.

10. Nearly one year passed after the expiration of the two-year noncompetition requirement before GPI took action.

11. Section 24.1 of GPI's form Agreement requires application of New Jersey law.

12. On May 23, 2022, GPI sent Defendants a purported notice of termination of the expired 2009 Franchise Agreement. In the letter, GPI failed to state an amount for alleged past due royalties. The purported notice also stated the wrong expiration date. Defendants contend the letter violates the Illinois Franchise Disclosure Act because it failed to provide adequate notice which is requirement for lawful termination.

13. Defendants are not using GPI's marks. Defendants have replaced all Geese Police-related marks on the Internet and at the terminated franchise location.

14. The 2009 instrument expired in February 2019. Defendants contend that the parties allowed the 2009 instrument to expire and chose not to renew it.

15. An actual controversy exists between the parties in that Defendants contend that the 2009 instrument expired on its natural expiration date of February 9, 2019. GPI has made demands on Defendants under the expired 2009 instrument and claims Defendants breached the year 2009 instrument, including demands to not compete, and a claim that Defendants have not debranded their business under that instrument.

16. Defendants deny that there has been any breach on the ground that the year 2009 instrument expired on its natural expiration. Defendants deny that the 2009 instrument was renewed after it expired in February 2019, or that there has been any breach on the further

ground that the two-year noncompetition provision in the 2009 instrument expired in February 2021.

  17. Defendants request a declaration confirming that

   (i) They are not obligated to perform the matters demanded by GPI and that there is no breach by Defendants of the matters which GPI has claimed to constitute breaches.

   (ii) The two-year noncompetition provision in the 2009 instrument expired in February 2021, and it is not presently binding on Defendants.

   (iii) GPI claims are governed by Illinois law and that the choice of law provision is void.

   (iv) Alternatively, if the 2009 instrument was renewed, the imposed statute of limitations is a one-sided and nonmutual provision, which is unenforceable or prohibited due to unconscionability.

   (iv) Alternatively, if the 2009 instrument was renewed, even if all its terms were intact including the two-year noncompetition provision, it was an unwritten renewal and the noncompetition provision violates the Illinois statute of frauds.

   (v) Alternatively, if the 2009 instrument was renewed after its expiration in February 2019, the relationship continued on new terms, which did not include a requirement that Defendants pay royalties or comply with any non-competition provisions.

   (vi) The purported notice of termination failed to provide adequate notice in violation of the Illinois Franchise Disclose Act and the termination was unlawful.

18. The parties need a judicial declaration to guide their future conduct. GPI claims the 2009 agreement did not expire; that New Jersey substantive law applies to its contract claims; and that Defendants have breached the expired 2009 agreement for the matters, which GPI has claimed to constitute breaches.

19. Defendants do not claim, admit or acknowledge by any allegation in this Counterclaim, that there was a renewal, whether written, oral, implied by law, of the expired 2009 agreement, beyond February 2019.

## SECOND COUNTERCLAIM
## VIOLATION OF THE ILLINOIS FRANCHISE DISCLOSURE ACT
### (In the Alternative)

20. Defendants incorporate all allegations above by this reference.

21. The relationship between GPI and Defendants is governed by the Illinois Franchise Disclosure Act, despite GPI failing to comply with the Illinois Franchise Disclosure Act in any way whatsoever and the purported non-Illinois choice of law clause in its form agreement.

22. The Illinois Franchise Disclosure Act provides that a franchisor may not terminate a franchise without a notice and a reasonable opportunity to address the default. *See* 815 ILCS 705/19.

23. To the extent the Franchise Agreement did not expire on its own terms in February 2019, GPI's purported notice of termination did not provide adequate notice and reasonable opportunity to correct the claimed defaults. For example, the letter did not identify an amount of alleged past due royalty payments. The letter did not give adequate notice and reasonable opportunity to cure. Consequently, the purported termination was unlawful and void.

24. Defendants are entitled to damages according to proof.

25. Defendants are entitled to recover attorneys' fees and costs pursuant to 815 ILCS 705/26.

**PRAYER FOR RELIEF**

WHEREFORE Defendants respectfully request that this Court enter judgment as follows:

1. On the first counterclaim, a declaration that Defendants are not obligated to perform the matters demanded by GPI, and that there is no breach by Defendants of the matters which GPI has claimed to constitute breaches.

2. On the first counterclaim, a declaration that the two-year noncompetition provision in the 2009 instrument expired in February 2021 and it is not binding on Defendants at this time.

3. On the first counterclaim, a declaration that GPI claims are governed by Illinois law, and that the choice of law provision is void.

4. On the first counterclaim, if the 2009 instrument was renewed, the imposed statute of limitations is a one-sided and nonmutual provision, which is unenforceable or prohibited due to unconscionability.

5. On the first counterclaim, if the 2009 instrument was renewed, even if all its terms were intact including the two-year noncompetition provision, it was an unwritten renewal and the noncompetition provision violates the Illinois statute of frauds.

6. On the first counterclaim, a declaration that the purported notice of termination failed to provide adequate notice in violation of the Illinois Franchise Disclose Act and the termination was unlawful.

7. On the second counterclaim, in the alternative, damages according to proof as well as an award of attorneys' fees and costs.

8. Interest if and as allowed by applicable agreement(s) and/or by law.

9. Such other and further relief as the Court deems just and proper.

Dated: August 29, 2022

Respectfully submitted,

GREENSPOON MARDER LLP

By:  */s/ Evan M. Goldman*
Evan M. Goldman, Esquire
One Riverfront Plaza
1037 Raymond Boulevard, Suite 900
Newark, New Jersey 07102
Tel: (732) 456-8728
Email: evan.goldman@gmlaw.com
*Attorney for Defendants*