## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GPI, LLC,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>RAPSYS INCORPORATED d/b/a GEESE<br>POLICE OF NAPERVILLE; and<br>VIDMANTAS RAPSYS,<br><br>  Defendants / Counterclaim Plaintiffs. | Civil Action No. 3:22-cv-4585 |

## GPI, LLC's ANSWER AND DEFENSES TO
## COUNTERCLAIMS OF RAPSYS INCORPORATED d/b/a
## GEESE POLICE OF NAPERVILLE; and VIDMANTAS RAPSYS

GPI, LLC ("Franchisor"), through its undersigned counsel, hereby file its Answer and Defenses to the Counterclaims of Rapsys Incorporated d/b/a Geese Police of Naperville ("Rapsys"); and Vidmantas Rapsys ("Vidmantas," and together with Rapsys, "Defendants"). The numbered paragraphs below correspond to the like-numbered paragraphs of the Counterclaims. Unless specifically admitted, each allegation in the Counterclaims is denied.

## FIRST COUNTERCLAIM

1. The allegations in Paragraph 1 of the Counterclaims are admitted in part and denied in part. Franchisor admits that Vidmantas is an Illinois resident. After reasonable investigation, Franchisor lacks sufficient knowledge or information to

form a belief about the truth or falsity of the allegations in the second sentence of Paragraph 1, and therefore, said allegations are denied.

2.     The allegations in Paragraph 2 of the Counterclaims are admitted in part and denied in part.  The allegations in the first and fourth sentence of Paragraph 2 refer to writings that speak for themselves and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  After reasonable investigation, Franchisor lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in the second sentence of Paragraph 2, and therefore, said allegations are denied.  The allegations in the third sentence of Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

3.     The allegations in Paragraph 3 of the Counterclaims refer to writings that speak for themselves and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.

4.     The allegations in Paragraph 4 of the Counterclaims are admitted in part and denied in part.  Franchisor admits the allegations in the first and last sentence of Paragraph 4 only insofar as it presented Defendants with a Franchise Agreement in

2009 and Defendants signed that agreement.  The remaining allegations in Paragraph 4 are denied.

5.    The allegations in Paragraph 5 of the Counterclaims refer to writings that speak for themselves and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.

6.    The allegations in Paragraph 6 of the Counterclaims are admitted in part and denied in part.  The allegations in the first sentence of Paragraph 6 refer to writings that speak for themselves and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  Defendants admit the second and third sentence of Paragraph 6 only insofar as the parties did not execute a new written agreement in 2019, but that Defendants became holdover franchisees and continued to operate in exactly the same way as they did during the term of the parties' express written agreement, thereby mutually agreeing to a new agreement with terms to be measured by the provisions of the 2009 Franchise Agreement.  The remaining allegations in Paragraph 6 are denied.

7.    The allegations in Paragraph 7 of the Counterclaims are denied.

8.    The allegations in Paragraph 8 of the Counterclaims refer to a writing that speaks for itself and to which no response is required.  To the extent a response

3

is required, those allegations are denied insofar as they misstate or mischaracterize the writing.

9.      The allegations in Paragraph 9 of the Counterclaims refer to a writing that speaks for itself and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  The remaining allegations in Paragraph 9 are also denied.

10.     The allegations in Paragraph 10 of the Counterclaims are denied.

11.     The allegations in Paragraph 11 of the Counterclaims refer to a writing that speaks for itself and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  The remaining allegations in Paragraph 11 are also denied.

12.     The allegations in Paragraph 12 of the Counterclaims refer to a writing that speaks for itself and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  The remaining allegations in Paragraph 12 are also denied.

13.     The allegations in Paragraph 13 of the Counterclaims are denied.

14.     The allegations in Paragraph 14 of the Counterclaims refer to a writing that speaks for itself and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  The remaining allegations in Paragraph 14 are also denied.

15.     The allegations in Paragraph 15 of the Counterclaims refer to writings that speak for themselves and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.  The allegations in Paragraph 15 also constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are also denied.

16.     The allegations in Paragraph 16 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

17.     The allegations in Paragraph 17 of the Counterclaims constitute legal conclusions and Defendants' requests for declaratory relief to which no response is required.  To the extent a response is required, those allegations are denied.  The remaining allegations in Paragraphs 17(i)-(vi) are also denied.

18.     The allegations in Paragraph 18 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

19.     The allegations in Paragraph 19 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

## **SECOND COUNTERCLAIM**

20.     Paragraph 20 of the Counterclaims is a statement of incorporation to which no response is required.  To the extent a response is required, Franchisor incorporates its Answers to Paragraphs 1-19 of the Counterclaims.

21.     The allegations in Paragraph 21 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.  The remaining allegations of fact in Paragraph 21 are also denied.

22.     The allegations in Paragraph 22 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

23.     The allegations in Paragraph 23 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.  The allegations in Paragraph 23 otherwise refer to a writing that speaks for itself and to which no response is required.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the writing.

24.     The allegations in Paragraph 24 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

25.     The allegations in Paragraph 25 of the Counterclaims constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, Franchisor prays that Defendants take nothing by way of their Counterclaims, that judgment be entered in Franchisor's favor and against Defendants, and for such other further relief as the Court deems just and proper.

## DEFENSES

Franchisor assert the following defenses to the Counterclaims but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted.  Franchisor reserves the right to amend its pleading(s) to assert any additional defenses that become known or ascertained through the course of discovery.

1.     Defendants fail to state any claim, in whole or in part, against Franchisor upon which relief could be granted.

2.     Defendants' claims are barred, in whole or in part, by the dispute resolution procedure in the Franchise Agreement.

3.     Defendants' claims are barred, in whole or in part, by the doctrine of estoppel.

4.      Defendants' claims are barred, in whole or in part, by the doctrine of laches.

5.      Defendants' claims are barred, in whole or in part, by a license, payment, or ratification.

6.      Defendants' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

7.      Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

8.      Defendants' claims are barred, in whole or in part, by the doctrine of acquiescence.

9.      Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

10.     Defendants' claims are barred, in whole or in part, by Defendants' bad faith.

11.     Defendants' claims are barred, in whole or in part, because Franchisor's conduct was proper, justified, or privileged.

12.     Defendants' claims are barred, in whole or in part, because Franchisor at all times acted in good faith.

13.     Defendants' claims are barred, in whole or in part, because Franchisor's conduct was authorized by Illinois statute.

14.    Defendants' claims are barred, in whole or in part, because Franchisor complied with Illinois law.

15.    Defendants' claims are barred because they have incurred no damages and have not suffered any harm due to the actions of Franchisor as alleged in the Counterclaims.

16.    Plaintiffs' claims are barred because they failed to mitigate their damages, if any.

WHEREFORE, Franchisor prays that Defendants take nothing by way of their Counterclaims, that judgment be entered in Franchisor's favor and against Defendants, and for such other further relief as the Court deems just and proper.

Respectfully submitted,

_s/_ Melissa J. Bayly
Melissa J. Bayly
Buchanan Ingersoll & Rooney PC
550 Broad Street, Suite 810
Newark, NJ 07102-4582
973 424 5604 (o)
melissa.bayly@bipc.com

Gretchen L. Jankowski
(*pro hac vice motion pending*)
Matthew C. Pilsner
(*pro hac vice motion pending*)
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite, 200
Pittsburgh, PA 15219

*Attorneys for Plaintiff GPI, LLC*

9