

EVAN M. GOLDMAN, ESQ.
FOUNDING PARTNER
THE FRANCHISE FIRM LLP
225 WILMINGTON WEST CHESTER PIKE, SUITE 200
CHADDS FORD, PENNSYLVANIA 19317
EVAN@THEFRANCHISEFIRM.COM
215.964.1553
THEFRANCHISEFIRM.COM

February 9, 2024

**VIA ELECTRONIC FILING ONLY**

Honorable Michael A. Shipp, U.S.D.J.
United States District Court for
the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5W
Trenton, New Jersey 08608

Re:   **GPI, LLC v. Rapsys Incorporated, et al.**
      **Civil Action No: 3:22-cv-04585-MAS-TJB**

Dear Judge Shipp,

The undersigned and The Franchise Firm LLP represent Defendants, Rapsys Incorporated and Vidmantas Rapsys (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's Order, dated January 31, 2024 (ECF No. 54), Defendants submit their position as to consolidation of the above-referenced matter (also referred to herein as the "Rapsys Matter") with the matter of GPI, LLC v. Patriot Goose Control, Inc., Civil Action No.: 2:23-cv-20953-MAS-TJB (the "PGC Matter").

"Pursuant to Rule 42(a), '[w]hen actions involving a common question of law or fact are pending before the court … it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.'" Fed. R. Civ. P. 42(a), Oliver v. Dow, 2012 U.S. Dist. LEXIS 71411, at *8 (D.N.J. May 22, 2012). "Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." Id. at *8-9 (internal quotations omitted) (quoting In re Consolidated Parlodel Litig., 182 F.R.D. at 444). "In exercising its discretion, a court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" Oliver, supra, 2012 U.S. Dist. LEXIS 71411, at *9 (internal quotations omitted) (quoting In re Consolidated Parlodel Litig., 182 F.R.D. at 444)(citing Easton & Co. v. Mutual Benefit Life Insurance Co., 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)).

Various courts have noted that this balance requires a consideration of:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resource posted by multiple law

> suits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at *9 (quoting In re Consolidated Parlodel Litig., 182 F.R.D. at 444).

For the reasons set forth below, the Court should not consolidate the matters for any or all purposes. Specifically, despite having the same Plaintiff – and the same ultimately-requested relief – the facts of the PGC Matter and Rapsys, along with the defenses permitted by each Defendant, and their procedural stature, are different and necessitate separate hearings/trials. Specifically:

- Procedural Stature – although the Rapsys Matter was filed in July 2022, and a Preliminary Injunction application (ECF No. 5) filed shortly thereafter, the Court never ruled on same. Rather, the Preliminary Injunction application remains outstanding and was superseded by the Permanent Injunction application (ECF No. 43) filed in September 2023. To the contrary, briefing on the preliminary injunction application in the PGC matter only concluded in late-November 2023, and no permanent injunction application has been filed there, based on a review of the docket. Thus, the Rapsys Matter remains far ahead of the PGC Matter, and consolidation would be inappropriate on that basis, as the Rapsys Matter defendants desire to proceed to hearing and/or trial, wherein they expect to defeat the request for permanent injunctive relief;

- Discovery – as to the Rapsys Matter, discovery has concluded and the pending Permanent Injunction is all that remains, which *presumably* will require a trial on the merits before the Court can rule appropriately. In the PGC Matter, it *appears* the parties have not engaged in any discovery. See, e.g., ECF No. 48 (denying Defendants' request for an expedited discovery schedule prior to ruling on the merits of the preliminary injunction application). Thus, on that basis, the Rapsys Matter is far ahead of the PGC Matter and the Rapsys Defendants would like to conclude this dispute, which has caused significant financial and related harm to them, which will only be exacerbated by delayed proceedings;

- Claims and Defenses – although the undersigned has not reviewed each filing in the PGC Matter papers, it appears that the PGC Matter defendants were under an existing franchise agreement at the time they disengaged from the franchise system. To the contrary, the franchise agreement between the parties in the Rapsys Matter expired (on its own terms) in February 2019, meaning the non-competition period (naturally) expired in February 2021. GPI filed the Rapsys Matter in July 2022, a year-plus after the expiration of the non-competition period. If this were not damning enough, in the Rapsys Matter:

  o   Nearly three (3) years of concurrent use passed before GPI took action to assert a claim for alleged trademark infringement;

  o   The Rapsys defendants de-branded and had not used GPI's marks for over one (1) year following the filing of the Rapsys Matter (and more than 18 months since the date of this submission);

THE FRANCHISE FIRM

2

- o The design, shape, and symbol of the Defendants' logo are significantly distinguishable from the GPI Geese Police mark, and the evidence shows that there is no actual confusion by the public; and

- o GPI has nothing to protect in the Defendants' geographic area and does not maintain a corporate or franchised location in the state of Illinois. The nearest location in Zionsville, Indiana, is nearly 200 miles from Defendants' business. Moreover, GPI is not legally permitted to franchise in the State of Illinois. And GPI has no employees, vehicles, or equipment in the State of Illinois, nor is it licensed to do business within Illinois. This makes it *literally* impossible for GPI to actually protect any interest in Defendants' former franchised territory. Unlike Illinois, Massachusetts is a non-registration state for the purposes of franchising, meaning GPI's ability to sell franchises/operate the GCP Matter defendants' former territory is vastly different than in the Rapsys Matter. Considering what the Rapsys Matter defendants intend to focus on during their hearing/trial, the difference between applicable location/law is tremendously important.

Certainly, a review of the opposition to permanent injunctive relief filed in the Rapsys Matter (ECF No. 43) sets forth a different position than the opposition to preliminary injunctive relief filed in the PCG Matter. Although GPI's requested relief should be denied in both matters, the reasons why are sufficiently different so as to require separate proceedings.

For the foregoing reasons, Defendants respectfully request that the Court <u>not</u> consolidate the Rapsys Matter with the PDC Matter. Should Your Honor require anything else, please do not hesitate to contact my office.

Very truly yours,

**THE FRANCHISE FIRM LLP**

*/s/ Evan M. Goldman*

**Evan M. Goldman, Founding Partner**