

**Jacqueline M. Weyand**
Jacqueline.weyand@bipc.com

550 Broad Street, Suite 810
Newark, NJ  07102-4582
T 973 273 9800
F 973 273 9430

February 9, 2024

**VIA CM/ECF**
Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: ***GPI, LLC v. Rapsys Incorporated, et al.*** Case No. 3:22-cv-04585-MAS-TJB
***GPI, LLC v. Patriot Goose Control, Inc., et al.***, Case No. 23-20953-MAS-TJB

Dear Judge Shipp:

This firm represents Plaintiff GPI, LLC ("GPI") in *GPI, LLC v. Rapsys Incorporated, et al,* Case No. 3:22-cv-04585 (the "Rapsys Litigation") and *GPI v. Patriot Goose Control, Inc., et al.*, Case No. 23-20953 (the "Patriot Goose Control Litigation"), now both pending before Your Honor.

I write in response to the Court's January 31, 2024 text orders in the above-captioned cases directing the parties to file correspondence with the Court as to whether the Rapsys Litigation and the Patriot Goose Control Litigation should be consolidated for all purposes, including a trial on the merits.  GPI respectfully submits that the Court should not consolidate the two actions.  In short, these cases do not meet the requirements of Rule 42 for pretrial consolidation, or a trial on the merits.

***Procedural Postures***.  Consolidation should be denied "when one case is further into the discovery process," or "if it will cause delay in one of the cases[.]"  *Ass'n of New Jersey Rifle & Pistol Clubs, Inc. v. Platkin*, No. 1:22-CV-4360 (RMB), 2023 WL 1786167, at *1 (D.N.J. Feb. 6, 2023) (citation omitted).  That factor is particularly acute here.

GPI filed is Complaint and Motion for Preliminary Injunction in the Rapsys Litigation in July 2022.  (ECF Nos 1, 5, 6).  That Motion was fully briefed as of September 2022, and technically, still remains pending.  (ECF Nos. 5, 6, 13, 21-27).  Since then, the parties have completed fact discovery, in accordance with the Case Management Plan approved by Judge Bongiovanni and as discussed on numerous telephone conferences with the Court.  (ECF Nos. 31, 33, 34, 35, 36, 37, 41).  During fact discovery, GPI's produced thousands of documents (and over 12,000 pages) specific to the Rapsys Defendants' twenty-plus-year history as a Geese Police Franchisee, and the parties also took four depositions.  Discovery closed in May 2023, and

February 9, 2024
Page - 2 -

thereafter, the parties participated in a settlement conference with Judge Bongiovanni, though the case did not resolve. Afterward, Judge Bongiovanni suggested that GPI file a Motion for Permanent Injunction and concurrently request a hearing on the Motion. GPI followed that procedure, and that Motion has been fully briefed since November 2023. (ECF Nos. 43, 50, 51).

The Patriot Goose Control Litigation is on a very different track, and in fact, is still in its infancy. GPI filed is Complaint and Motion for Preliminary Injunction in the Patriot Goose Control Litigation in August 2023. That case was later transferred to this Court from the District of Maryland. Since then, the parties completed briefing on the Motion for Preliminary Injunction, which has been ripe for adjudication since November 2023. In the interim, this Court held a status conference with the parties in October 2023, and thereafter denied Defendants' request for an expedited discovery schedule prior to ruling on the merits of the pending Motion for Preliminary Injunction. (ECF No. 48). To date, no Rule 16 conference has occurred, no scheduling order has been issued, no written discovery has been served, no documents have been exchanged, and no depositions have been taken. Fact discovery therefore remains to be taken by the parties, once the Court rules on the Motion for Preliminary Injunction. GPI anticipates that fact discovery, plus potential dispositive motions practice, could take at least six months following any such ruling.

Accordingly, GPI submits that the Rapsys Litigation should not sit dormant when it is ripe for adjudication, or otherwise have to await the completion of fact discovery and dispositive motions practice in the Patriot Goose Control Litigation. GPI seeks to enforce a restrictive covenant in the Rapsys Litigation—as well as in the Patriot Goose Control Litigation—which the Rapsys Defendants continue to flout every day that this case remains pending. This has caused GPI significant harm, as GPI continues to fend off a franchisee revolt led by the Rapsys Defendants, while other franchisees are watching to see its outcome and decide their next move.

In GPI's view, the Rapsys Litigation is trial ready, and as such, GPI requests a status conference with the Court to discuss Your Honor's availability to schedule this case for a final hearing on the merits so that this case may come to a close as soon as possible. Consolidation of these two matters will only cause undue delay.

**Issues in the Cases.** Consolidation may also be denied "if the common issue is not a principle one," or where "[w]here the evidence in one case is not relevant to the issues in the other." *Ass'n of New Jersey Rifle & Pistol Clubs, Inc.*, 2023 WL 1786167, at *1. Again, this factor weighs again consolidation.

GPI seeks to enforce a restrictive covenant in both the Rapsys Litigation and the Patriot Goose Control Litigation, cases brought by GPI against former Geese Police franchisees who have breached their Franchise Agreements through, among other things, trademark infringement and unfair competition, as well as violations of their post-termination (Rapsys) and post-expiration (Patriot) obligations, including the covenant not to compete. But the similarities end there.

As for the Rapsys Defendants, GPI brought a companion JAMS arbitration against them last year to seek monetary relief, and the parties completed an arbitration hearing on liability and damages in December of 2023. In January of 2024, the parties received an interim order

February 9, 2024
Page - 3 -

determining liability and damages in GPI's favor.[1] GPI anticipates that a final award will be rendered in early-March 2024, allowing GPI to seek confirmation of that award in federal court. Once that occurs, collateral estoppel will apply to many of the issues and defenses that the Rapsys Defendants have raised in the Rapsys Litigation. The factual issues to be tried in this case will therefore be extraordinarily narrow, focusing primarily on the irreparable harm that the Rapsys Defendants have caused GPI, as well as the temporal and geographic scope of the restrictive covenant that GPI seeks to enforce in the Naperville, Illinois area. The Rapsys Defendants have abandoned their counterclaims against GPI.

The Patriot Goose Control Defendants are not similarly situated. In that case, the Patriot Goose Control Defendants assert defenses such as material breach, nullification, and failure to join an indispensable party, plus a counterclaim for declaratory relief against GPI. From their pleadings, the Patriot Goose Controls' case (or defense) appears to turn on the validity of the Franchise Agreement, as well as its post-expiration obligations, which is no longer at-issue in the Rapsys Litigation.

The core issues in the two cases are therefore quite distinct, with each involving unrelated defendants located in different territories, plus independent factual scenarios and competing legal questions to be decided. Ultimately, the potential risks and burdens of consolidation outweigh any potential benefits, and few judicial resources would be saved by consolidating the actions. As a result, GPI submits that the Rapsys Litigation and Patriot Goose Litigation should remain separate actions.

We greatly appreciate the Court's attention to this matter, and as always, please let us know if you would need any further information.

Respectfully submitted,

/s/Jacqueline M. Weyand
Jacqueline M. Weyand

cc:   All Counsel of Record
      (via CM/ECF only)

---

[1] If Your Honor wishes to review the interim award at this time, GPI will make an application to file the award under seal as it has not yet been confirmed.